IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TERRIE M. WILLIAMS                    *
                                      *
                                      *
     v.                               *       Civil Action No. WMN-12-72
                                      *
1199 SEIU UNITED HEALTHCARE           *
WORKERS EAST                          *
                                      *
                                      *

*     *     *     *     *     *     *     *     *     *     *     *     *

**MEMORANDUM**

     Pending before the Court is a motion for summary judgment filed by Defendant, 1199 SEIU United Healthcare Workers East (1199).  ECF No. 30.  The motion is fully briefed.  Upon consideration of the papers, facts, and applicable law, the Court determines that (1) no hearing is necessary, Local Rule 105.6, and (2) Defendant's motion will be granted.

**I.    FACTUAL AND PROCEDURAL HISTORY**

     Defendant is a labor union that represents healthcare workers in several East Coast areas, including the Maryland/D.C. region.  Plaintiff began working as an Administrative Organizer for Defendant on June 16, 2008.  Throughout Plaintiff's employment, the following people were employed by the Defendant: George Gresham, President; John Reid, Executive Vice President and Plaintiff's second-line supervisor; Katherine Taylor, who was initially Vice President and Plaintiff's immediate supervisor, but was later named Interim Executive Vice

1

President; and Lisa Wallace, Vice President and Plaintiff's immediate supervisor after Ms. Taylor was named to her interim position.

Plaintiff's allegations arise from a general discontentment in the way she was treated during her employment at 1199. Plaintiff's opposition to Defendant's present motion did not contain any statement of disputed facts or otherwise suggest that there are any disputes of fact.[1]  She did, however, submit documents revealing her correspondence with Defendant's officials.  The Court has reviewed those documents as well as Plaintiff's other submissions throughout this case and, based on that review, concludes that the following facts are undisputed.

In September 2010, Plaintiff filed an EEOC claim alleging sex discrimination and hostile work environment.  The EEOC dismissed that charge on September 27, 2011.  On May 13, 2011, while Plaintiff's charge was pending, Plaintiff emailed Reid, Taylor, and Wallace regarding her request for scheduling accommodations in order to attend school, stating that she felt "harassed, intimated [sic] and discriminated against."  ECF No. 32-3 at 2.  Later that month, Plaintiff received a written warning for taking a vacation day without proper authorization because she submitted her vacation request after business hours

---

[1] Plaintiff's contention here is that there is "a genuine dispute with respect to retaliation as a matter of law."  ECF No. 32 at 1.

on a Friday for the following Monday.  Plaintiff was then on
medical leave from June 8, 2011, until August 3, 2011.

On July 8, 2011, while on medical leave, Plaintiff filed a
second EEOC claim for sex discrimination and retaliation.
Defendant's staff did not learn about this claim until September
15, 2011.

After her return from medical leave, Plaintiff received a
one day suspension for failing to come in to work on August 6,
2011, a Saturday.  Plaintiff disputed the suspension stating
that she did not know she was supposed to work on that day.  The
suspension was upheld following an internal grievance
proceeding.

On August 12, 2011, Plaintiff was denied approval to use a
personal vacation day because she failed to follow the correct
procedure for requesting leave.  Plaintiff's later subsequent
request that she be allowed to take a vacation day was also
denied on the same grounds.  Also in August 2011, Plaintiff
received a three-day suspension for missing work without
following the call-in policy.  Plaintiff texted and left a voice
mail rather than speaking to her supervisor.  This suspension
was later overturned following an internal grievance proceeding,
however, because Plaintiff's supervisor had not returned her
call.  In addition, Plaintiff was denied tuition reimbursement
in August 2011, after failing to obtain pre-approval for her

3

desired course.  Plaintiff alleges that she was informed at the
time she enrolled in the course that obtaining pre-approval was
unnecessary.

In September 2011, Plaintiff's request to use vacation days
was denied because three other employees had already requested
vacation for the same days and Defendant would not have been
able to cover the necessary business without the Plaintiff being
present.

Plaintiff emailed George Gresham at Defendant's New York
headquarters on October 1, 2011, outlining the alleged wrongs
that she had experienced during her employment and requesting a
meeting.  On October 15, 2011, Plaintiff refused to attend
Defendant's "MLK Keep the Dream Alive Rally," despite being told
that her participation was mandatory.  Plaintiff told her
supervisor the day before the rally that she would not be
attending because she did not believe she had received any
justice at her job.  Defendant terminated Plaintiff's employment
on October 17, 2011, for failure to attend the rally.

On January 6, 2012, Plaintiff filed her pro se Form
Complaint, ECF No. 1, alleging that Defendants violated Title
VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.
(Title VII), and the Age Discrimination in Employment Act of
1967, 29 U.S.C. § 621, et seq. (ADEA).  The Court granted
Defendant's Motion to Dismiss, in part, on July 17, 2012, and

4

dismissed Plaintiff's claims against individuals employed by
Defendant, her ADEA claims, and her Title VII claims of
disparate treatment and hostile work environment.  The Court
denied Defendant's motion to dismiss as it related to
Plaintiff's Title VII retaliation claims.  ECF No. 16.

## II.  LEGAL STANDARD

Fed. R. Civ. P. 56 provides that summary judgment is
appropriate if the moving party shows "that there is no genuine
dispute as to any material fact and that the movant is entitled
to judgment as a matter of law."  A dispute of fact is genuine
when "the evidence is such that a reasonable jury could return a
verdict for the nonmoving party."  Anderson v. Liberty Lobby,
Inc., 477 U.S. 242, 247-48 (1986).  In making this
determination, all justifiable inferences from the evidence must
be drawn in favor of the non-moving party, id. at 255, but "the
mere existence of a 'scintilla of evidence' is not enough to
frustrate a motion for summary judgment."  Champ v. Baltimore
County, 884 F. Supp. 991, 994 (D. Md. 1995) (quoting Anderson,
477 U.S. at 252), aff'd, 91 F.3d 129 (4th Cir. 1996)); see also
Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The
dispute must also be over a material fact.  Anderson, 477 U.S.
at 247-48.  A material fact is one that might affect the outcome
of the suit under the controlling substantive law; "factual
disputes that are irrelevant or unnecessary" will not be

5

considered in ruling on a motion for summary judgment." Id. at 248.

Where a plaintiff is pro se, the Court may be obligated to construe a plaintiff's papers liberally.  See generally Carter v. Hutto, 781 F.2d 1028, 1031 (4th Cir. 1986).  It may not, however, bend the substantive requirements necessary to defeat Defendant's Motion for Summary Judgment.  Jorgensen v. Epic/Sony Records, 351 F.3d 46, 50 (2d Cir. 2003).  Specifically, the plaintiff cannot rely on conclusory allegations or speculation; as outlined above, she must offer evidence to show that there is a genuine dispute over material facts.

**III. DISCUSSION**

In a Title VII case such as this one, the Court's role is not to substitute its judgment for that of the Defendant's. DeJarnette v. Corning, Inc., 133 F.2d 293, 298-99 (4th Cir. 1998).  Rather, at the summary judgment stage, the Court's inquiry is limited to whether the Plaintiff can proceed by presenting either direct evidence of retaliation, or indirect evidence under the burden shifting scheme of McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973).  See Medlock v. Rumsfeld, 336 F. Supp. 2d 452, 465-55 (D. Md. 2002).  As detailed below, Plaintiff has not met the burden required to survive summary judgment.

Plaintiff did not argue, and the Court has not found, that there is any direct evidence of retaliation.[2]  Plaintiff is therefore restricted to proving her case under the burden shifting scheme of McDonnell Douglas.

McDonnell Douglas requires a plaintiff to first establish a prima facie case of retaliation by a preponderance of the evidence.  Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253, 258 (4th Cir. 1998).  Once the plaintiff establishes her prima facie case, there is a presumption of retaliation and the burden shifts to the defendant to articulate a non-retaliatory reason for its conduct.  Id.  The defendant's burden at this stage is not to persuade the trier of fact that its proffered reason was the actual motivation for the challenged decision.  Mereish v. Walker, 359 F.3d 330, 335 (4th Cir. 2004).  Rather, the defendant "must merely articulate a justification that is 'legally sufficient to justify a judgment' in his

---

[2] The Fourth Circuit has held that "direct evidence" is "evidence that the employer 'announced, admitted, or otherwise unmistakably indicated that [the forbidden consideration] was a determining factor'" in the challenged conduct.  Stover v. Lincon Pub., Inc., 73 F.3d 358 (4th Cir. 1995) (quoting Cline v. Roadway Express, Inc., 689 F.2d 481, 485 (4th Cir. 1982)); see also Warch v. Ohio Cas. Ins. Co., 435 F.3d 510, 520 (4th Cir. 2006).  "Direct evidence of retaliation is evidence that demonstrates a specific link between a materially adverse action and the protected conduct, sufficient to support a finding by a reasonable fact finder that the harmful adverse action was in retaliation for the protected conduct."  Young-Losee v. Graphic Packaging Int'l, Inc., 631 F.3d 909, 912 (8th Cir. 2011) (citing Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 57, 68 (2006).

favor." Id. (quoting Texas Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 255 (1981)).  If the defendant meets its burden of production, the presumption of retaliation is displaced and the plaintiff must persuade the fact finder that the defendant's proffered reason is merely a pretext for discrimination.  Id. at 334; E.E.O.C. v. Navy Fed. Credit Union, 424 F.3d 397, 405 (4th Cir. 2005).  Plaintiff's claim fails because for certain of the alleged retaliatory acts she cannot establish a prima facie case, while for another, her termination, she has offered no proof that Defendant's non-retaliatory justification for its conduct was pretextual.

"To establish a prima facie case of retaliation, a plaintiff must prove three elements: (1) that she engaged in protected activity, (2) that an adverse employment action was taken against her, and (3) that there was a causal link between the protected activity and the adverse employment action." Laughlin, 149 F.3d at 258; Hopkins v. Balt. Gas & Elec. Co., 77 F.3d 745, 754 (4th Cir. 1996).  There is no dispute that Plaintiff's complaints to the EEOC or to Defendant's President were protected activity.

With regard to Plaintiff's 2010 EEOC complaint, Defendant challenges Plaintiff's ability to establish the third element of her prima facie case.  The causal link element can be satisfied when an employee is subjected to a materially adverse employment

action shortly after engaging in a protected activity.  <u>See</u>
<u>e.g.</u>, <u>Carter v. Ball</u>, 33 F.3d 450, 460 (4th Cir. 1994).  The
time between the two events, however, must be "very close."
<u>Clark Cnty. School Dist. v. Breeden</u>, 532 U.S. 268, 273 (2001)
(citing <u>Richmond v. ONEOK, Inc.</u>, 120 F.3d 205, 209 (10th Cir.
1997) (3-month period insufficient); <u>Hughes v. Derwinski</u>, 967
F.2d 1168, 1174-75 (7th Cir. 1992) (4-month period
insufficient)).  Here, Plaintiff engaged in activity protected
by Title VII's anti-retaliation clause when she filed a
complaint with the EEOC for sex discrimination and hostile work
environment in September 2010.  The first adverse action
Defendant took against Plaintiff after this activity was on May
16, 2011, eight months after her EEOC claim.  Given this delay,
Plaintiff cannot establish a prima facie case for retaliation.

    A prima facie case of retaliation will also fail where an
employer has no knowledge of the plaintiff engaging in a
protected activity.  <u>See</u> <u>Dowe</u>, 145 F.3d at 657.  "[B]y
definition, an employer cannot take action because of a factor
of which it is unaware..."  <u>Id</u>.  Plaintiff filed her second EEOC
claim on July 19, 2011.  ECF No. 30-3 at 8.  The EEOC mailed a
copy of the claim to Mr. Gresham, Defendant's President, on
August 8, 2011.  ECF No. 30-2 at 6.  Mr. Gresham followed
standard office procedure and delivered the EEOC claim to the
Defendant's Staff Support Department on August 19, 2011.  ECF

No. 30-3 at 3.   Sandra Joseph, the employee responsible for contacting Defendant's General Counsel and managers regarding EEOC charges, was not in the office between August 12, 2011 and September 14, 2011.   ECF No. 30-3 at 4.   Thus, Joseph first became aware of the EEOC charge when she returned to the office on September 15, 2011, at which point Reid and Wallace were notified.   ECF No. 30-3 at 4; ECF No. 30-2 at 12.   Because Plaintiff's supervisors did not know about the July 2011 EEOC charges until September 15, 2011, none of their alleged adverse actions before then could have been caused by Plaintiff's protected activity.

The only adverse action taken against Plaintiff after her supervisors became aware of Plaintiff's July EEOC claim was Plaintiff's termination on October 17, 2011.[3]   Plaintiff was terminated approximately one-month after Defendant's staff became aware that she had filed an EEOC claim in July 2011.   The Court concludes that a reasonable jury could find that the causation element of Plaintiff's prima facie retaliation claim is satisfied.

---

[3]Plaintiff also emailed George Gresham outlining several complaints about the way she was being treated, another protected act on October 1, 2011.   Because her termination was the only adverse action after her email to Mr. Gresham, her retaliation claim fails for the same reasons outlined for the July 2011 EEOC complaint.

Plaintiff's claim fails, however, because she has not produced any evidence that Defendant's legitimate, non-retaliatory, reason was pretextual.  Plaintiff was terminated for failing to attend Defendant's "MLK Keep the Dream Alive Rally," despite being told that participation was mandatory. Her failure to attend the rally constitutes insubordination, which is a legitimate reason for an employee's termination.  See Church v. Maryland, 180 F. Supp. 2d 708, 746 (D. Md. 2002); White v. Ameritel Corp., No. DKC 10-0929, 2011 WL 6837644 at *7 (D. Md Dec. 28, 2011).  Plaintiff's claim that her failure to attend was excusable based on her "moral and ethical obligations," and because she claimed she was not receiving "any justice on this job," see ECF. No. 1 at 1-4; ECF 30-1 at 35, has no bearing on whether Defendant's legitimate, non-retaliatory reason was pretextual.  The Court will, therefore, grant Defendant's motion.

IV. **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment will be granted.  A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

April 18, 2013